Taxes; income tax; long-term capital gain; ordinary income; partnership; dissolution; development of unimproved land and sale of lots; capital asset; property held primarily for sale to customers in the ordinary course of trade or business; burden of proof — Plaintiffs, husband and wife, sue for refunds of income taxes (and interest thereon) which they paid for calendar years 1973, 1974, and 1975 pursuant to a deficiency notice issued by the Internal Revenue Service (IRS). The notice of deficiency was attributable in part to the denial by the IRS of plaintiffs’ claimed long-term capital gains treatment on (1) the gains realized in 1973, 1974, and 1975 by the plaintiffs in connection with the sale *603 in 1972, on a 3-year installment basis, of a 10-acre parcel of unimproved land in which the plaintiffs had a 90-percent partnership interest; and (2) the gain realized in 1974 by the plaintiffs in connection with the sale in 1974 of a commercial lot in which the plaintiffs had a 90-percent partnership interest. On April 28, 1981 Senior Trial Judge Mastín G. White filed a recommended opinion (reported in full at 47 AFTR 2d 81-1443 and 81-1 USTC ¶ 9391) concluding that the plaintiffs are entitled to recover on their claim with respect to the gain realized in 1974 from the sale of the commercial lot, but that plaintiffs are not entitled to recover on their claim with respect to the gains realized in 1973, 1974, and 1975 from the 1972 sale of the unimproved 10-acre property. The trial judge determined (1) that the partnership in which plaintiffs held a 90-percent interest purchased the unimproved 10-acre parcel for resale to customers, and not for the purpose of holding the parcel, or any part of it, as an investment in anticipation that the value of the land would appreciate over a substantial period of time; (2) that therefore at the time of the sale of the 10 acres of unimproved property in 1972 the partnership was engaged in the real estate business; (3) that the 10-acre parcel was therefore "property held by the taxpayer primarily for sale to customers in the ordinary course of [the taxpayer’s] trade or business” within the meaning of I.R.C. § 1221(1); and (4) as such did not constitute a capital asset to be afforded favorable capital gains treatment upon its sale. With regard to the 1974 sale of the commercial lot, the trial judge found: (1) that the sale came 2 years after the dissolution and liquidation of the partnership (and hence the termination of the business); (2) that at the time of the liquidation of the partnership and the distribution to the partners of the lot, this property was not held by the partnership primarily for sale to customers in the ordinary course of the partnership’s real estate business, but rather constituted an investment; and (3) that the property thus did not constitute an "inventory asset” within the meaning of I.R.C. § 735(a) (2) but rather constituted a capital asset whose sale generated capital gains, not ordinary income. On November 17,1981 the court, by order, adopted the recommended decision of the trial judge as the *604 basis for its judgment in this case and entered judgment for plaintiffs for a total of $14,517.26, plus statutory interest.